UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VESTIN LEE BURNS,
    Plaintiff,

v.                              Case No.: 3:26cv3366/TKW/ZCB

ESCAMBIA COUNTY JAIL,
    Defendant.
                                      /

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint. (Doc. 1). Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint to determine whether this action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A. Having reviewed the complaint, the Court believes dismissal is warranted for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). Given the deficiencies in the complaint, providing an opportunity to amend would be futile.

1

## I.   Background

Plaintiff is a detainee at the Escambia County Jail.  (Doc. 1 at 4).
Plaintiff has sued the Escambia County Jail arguing the jail has "refused
as well as denied" him the "right to an education."  (*Id.* at 5).  Specifically,
Plaintiff claims the jail denied his requests to participate in the GED
program.  (*Id.*).  Plaintiff left blank the "Statement of Claims" and "Relief
Requested" sections of the complaint form.  (*Id.* at 7).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must
contain sufficient factual matter, accepted as true, to state a claim to
relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009) (internal quotation marks omitted).  The plausibility standard is
met only where the facts alleged enable "the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged."  *Id.*
Plausibility means "more than a sheer possibility that a defendant has
acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely
consistent with a defendant's liability, it stops short of the line between
possibility and plausibility of entitlement to relief."  *Id.* (cleaned up).

2

## III.    Discussion

**A. The Escambia County Jail is not subject to suit under § 1983.**

Plaintiff names the Escambia County Jail as the sole Defendant. The capacity to be sued in federal court is governed by the law of the state where the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers. Fla. Const. Art. VIII, §§ 1(a) and (d). Florida law does not provide, either constitutionally or statutorily, for a county jail as a separate legal entity, an agency of the county, or a corporate entity. Therefore, a county jail is not an entity subject to suit under § 1983. *See Farmer v. Escambia Cnty. Jail*, No. 3:21cv3120, 2022 WL 1176754, at *2 (N.D. Fla. Mar. 17, 2022) (dismissing case against the Escambia County Jail because it is not an entity subject to suit under § 1983); *see also Sampson v. Rosario*, No. 6:24cv214, 2024 WL 982516, at *3 (M.D. Fla. Mar. 1, 2024) ("A county jail is not a viable defendant under section 1983.").

3

**B. Plaintiff fails to state a § 1983 claim.**

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Here, Plaintiff's claim fails at the second step. Plaintiff claims the jail violated his rights by denying his participation in the GED program. But participation in the GED program is not a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Williams v. Albemarle-Charlottesville Reg'l Jail*, No. 7:24cv153, 2024 WL 1977187, at *1 (W.D. Va. May 3, 2024) (stating that "no one has violated [plaintiff's] constitutional rights simply by not permitting him to take GED classes"); *see also Slonaker v. Jividin*, No. 2:21cv36, 2022 WL 509612, at *4 (S.D.W. Va. Jan. 19, 2022), *adopted by* 2022 WL 509335 ("Prisoners have no constitutional right to . . . placement in educational programs."); *Thompkins v. Hayes*, No. 2:06cv1106, 2007 WL 128797, at *2 (M.D. Ala. Jan. 12, 2007) ("The law is well settled that an inmate has no constitutionally protected interest in trade school or other educational

4

program as the failure to place an inmate in any such program does not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Accordingly, Plaintiff has failed to state a plausible § 1983 claim involving the jail's failure to place him in a GED program.

### C. Allowing Plaintiff an opportunity to amend would be futile.

Given the issues with Plaintiff's complaint identified above, allowing Plaintiff an opportunity to amend would be futile. Under no circumstances could Plaintiff state a plausible claim under § 1983 against the Escambia County Jail (or any officer thereof) for failure to allow his participation in the GED program. *See Williams*, 2024 WL 1977187, at *2 (dismissing under §1915A(b)(1) when plaintiff alleged jail officials denied him the right to attend educational classes).

### IV.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

2.     The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 7th day of April 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**<u>Notice to the Parties</u>**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.